IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TERRY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-16-87-R |
| | ) | |
| | ) | |
| DAVID STANLEY DODGE, L.L.C and | ) | |
| TINKER FEDERAL CREDIT UNION | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant David Stanley Dodge's ("DSD") Motion to Dismiss. Doc. No. 21. Plaintiff Terry Johnson ("Plaintiff") responded in opposition, Doc. No. 22, and DSD filed a reply in support of its Motion. Doc. No. 23. Tinker Federal Credit Union ("Tinker") then joined DSD's Motion. Doc. No. 29. The Court finds as follows.

Plaintiff filed suit against DSD in this Court on February 2, 2016, bringing various claims of fraud against both DSD and Tinker arising out of the sale of an automobile to Plaintiff. Generally, in the Complaint, the Plaintiff asserts DSD promised that even though Plaintiff owed more money on his trade-in vehicle than it was worth, DSD "would make it work." Doc. No. 1, ¶ 22. Despite this alleged promise, DSD allowed the vehicle to be repossessed, wrecking Plaintiff's credit and preventing Plaintiff from pursuing his plan to regain financial stability. *Id.* pp. 3–5.

On August 18, 2016, after an evidentiary hearing finding no fraud in the inducement occurred in arbitration agreements between the parties—alongside Plaintiff's agreement to

arbitrate—the Court submitted claims against DSD to arbitration. Doc. No. 19. The Court appointed Judge Edward Cunningham to oversee the arbitration, *id.*, and later administratively closed the case, subject to being reopened depending on the disposition of the arbitration. Doc. No. 20.

In the arbitration proceedings, from "approximately September 2016 to May 2017, DSD conducted written discovery[,]" and then took Plaintiff's deposition on September 6, 2018. Doc. No. 21, ¶¶ 5. Thereafter, the parties entered into settlement discussions. *Id.* ¶ 6. However, before a resolution could be reached, in the summer of 2019, Judge Cunningham retired. *Id.* ¶ 6-7. To date, he has not been replaced, *id.* ¶ 9, and the parties dispute who assumed responsibility for appointing his replacement.[1]

After approximately eighteen months, DSD contacted Plaintiff, via email, reiterating DSD's prior settlement offer and asking Plaintiff "what [Plaintiff] want[ed] to do on this one." Doc. No. 22-1. Plaintiff's counsel never responded, and on March 8, 2021, DSD's counsel again emailed Plaintiff, but stated that "all prior settlement offers are hereby withdrawn." Doc. No. 22-2.

On March 8, 2021, DSD filed this motion to dismiss the action in this Court for the Plaintiff's "want of prosecution" under Fed. R. Civ. P. 41(b).[2] Doc. No. 21. DSD argues that it has been burdened with this lawsuit for five years because Plaintiff issued no

---

[1] Plaintiff states that "Counsel for Defendant indicated that she would contact DRC about possible mediators to replace Judge Cunningham." Doc. No. 22, ¶ 10. However, DSD states that she "never had any communications with Plaintiff's counsel as alleged in Paragraphs 9 and 10 of Plaintiff's Response." Doc. No. 24-1, ¶ 3.

[2] Tinker reiterated that if the entire case is dismissed, its counterclaim against Johnson should be dismissed without prejudice to allow Tinker to refile in state court. Doc. No. 29, pp. 1–2. In light of the Court's denial of DSD's Motion, Tinker's counterclaim remains stayed pending arbitration.

2

discovery, took no depositions, never requested an arbitration hearing, and never requested a replacement arbitrator after Judge Cunningham's retirement. Doc. No. 21, p. 4. DSD further states that the last substantive activity in this case occurred when DSD took Plaintiff's deposition September 6, 2018. Doc. No. 23, p. 2.

When a party moves for dismissal under Rule 41(b), the Court considers the following:

>     (1)     the degree of actual prejudice to the defendant;
>     (2)     the amount of interference with the judicial process;
>     (3)      the culpability of the litigant;
>     (4)     whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and
>     (5)     the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). DSD argues it has been prejudiced by litigation unnecessarily held over its head the last five years combined with time and money spent on litigation the Plaintiff never intended to actively pursue. Doc. No. 21, p. 4. Additionally, DSD posits that the five relevant employees in this action no longer work for DSD, and thus, locating them for future purposes of this litigation would be burdensome. Doc. No. 23, p. 2. Lastly, DSD states that Plaintiff's "failure to prosecute his case, by its very nature, interferes with the judicial process." *Id.* p. 3 (*citing Green Auto., LP v. ATN Mgmt Co., LLC*, 2019 WL 3711753 (W.D. Okla. Jan. 25, 2019)).

Plaintiff argues that the factors counsel against dismissal. First, Plaintiff states that DSD's counsel indicated she would find a replacement arbitrator for Judge Cunningham after his retirement. *See supra* n. 1. Second, Plaintiff argues that DSD has not been prejudiced by the length of this action because i) the failure to arbitrate did not cause DSD

to lose evidence or witnesses and ii) DSD's arbitration fee was refunded. Doc. No. 22, p. 3. Additionally, Plaintiff states that the judicial process has not been interfered with because this case was administratively closed on March 20, 2017 and Plaintiff has not received any advanced notice that dismissal with prejudice could be a sanction for failure to complete the arbitration.[3]

After considering the five factors outlined above and conducting an oral hearing, the Court finds that dismissal would be inappropriate. This case's inactivity provided little interference with the judicial process, the Court never warned Plaintiff that dismissal was a likely sanction, and other measures can adequately deter future similar conduct.[4]

Still, DSD's Motion brings to light Plaintiff's counsel's inexcusable conduct. The Court finds it incomprehensible that in a span of *over five years*, Plaintiff's counsel conducted little, *if any*, substantive activity in this case. The imposition of sanctions is not simply warranted, it is absolutely necessary to deter Plaintiff's counsel from repeating such conduct. Though the Court declines to grant Defendant's Motion to Dismiss because punishing Plaintiff for the woefully inadequate pursuit of this case by Plaintiff's counsel would be unjust, **IT IS SO ORDERED** that:

1. Plaintiff is hereby GRANTED the opportunity to replace Plaintiff's counsel based on counsel's unacceptable conduct. Should Plaintiff decide not to replace his counsel and such conduct recurs, Plaintiff's case will be subject to dismissal.

---

[3] In DSD's reply, it argues this factor is irrelevant because the case was administratively closed, and therefore, this Court could not have given such a warning. Doc. No. 23, p. 3.

[4] The Court declines to stray from the arbitration agreement's provision providing that DSD bear the cost of arbitration. The measures enumerated below should be sufficient to deter Plaintiff's counsel's conduct.

2. Plaintiff's counsel is hereby ORDERED to file a certification with the Court stating that counsel reviewed this Order with Plaintiff and explained Plaintiff's opportunity to exercise option "1" outlined above—by May 10, 2021.

3. The parties are hereby ORDERED to find a replacement arbitrator and reinitiate the arbitration proceedings in this action by May 25, 2021.

**IT IS SO ORDERED** on this 26th day of April 2021.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE